■ MILFORD PLAZA ASSOCIATES, Appellant, v HEARST CORPO-
RATION et al., Respondents. [606 NYS2d 184] —Order, Supreme
Court, New York County (Harold Baer, Jr., J.), entered July 8,
1992, granting defendants' motion to dismiss this defamation
action for failure to state a cause of action, unanimously
affirmed, without costs.

The IAS Court properly concluded that the statements at
issue were not reasonably susceptible of a factual interpreta-
tion and, therefore, were not actionable. The dispositive in-
quiry in this State is whether a reasonable reader of a
publication could have concluded that it was conveying facts
about the plaintiff (Gross v New York Times Co., 82 NY2d
146). No reasonable reader of defendant Grizzard's column
could have concluded that he was actually stating that a
patron of plaintiff's hotel was at risk of catching Lyme Disease
or that the hotel had a problem with "things" crawling in its
beds. The column was a humorous commentary on the media's
preoccupation with the racial admissions policy of a country
club hosting a golf tournament at a time when world peace
was being threatened in Iraq. Continuing his theme, Grizzard
ridiculed the frivolous nature of certain television advertise-
ments that had replaced those withdrawn by major sponsors
offended by the country club's policy. He poked fun at, among
other things, the likely quality of accommodations available in
a Manhattan hotel for $50, mentioning the Milford Plaza
name only because he was tired of repeatedly viewing that
establishment's television commercial. In this humorous con-
text, his references to Lyme Disease and crawling "things"
were merely satiric exaggerations. Concur—Carro, J. P., Wal-
lach, Asch and Nardelli, JJ.